JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL AMERICAN PET COMPANY, INC., a Nevada Corporation,<br><br>        Plaintiff,<br>  vs.<br><br>ERIC GRUSHKIN, and DOES 1 through 20 inclusive,<br><br>        Defendants. | CASE NO. CV 13-1800-R<br><br>ORDER REMANDING ACTION |

    Plaintiff All American Pet Company, Inc. ("Plaintiff") filed this action against Defendant Eric Grushkin ("Defendant"), a former employee, asserting claims for (1) breach of contract, (2) misappropriation of trade secrets, (3) intentional interference with prospective economic advantage, (4) breach of fiduciary duties, (5) conversion, and (6) violations of the Computer Fraud and Abuse Act, Title 18 U.S.C. § 1030. Defendant removed this action one day late. Now, Plaintiff moves to have this action remanded to state court pursuant to Title 28 U.S.C. § 1447(c), and Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds that disposition of these motions is appropriate without oral argument. *See* L.R. 7-15.

    Title 28 U.S.C. § 1446(b) provides that the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant of the initial pleading or other paper from which it may first be ascertained that the case is one which is or has become

removable. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999). Defendant also has the burden of showing that it has complied with the procedural requirements for removal. *Schwartz v. FHP Int'l Corp*., 947 F. Supp. 1354, 1360 (D. Ariz. 1996).

Defendant concedes this action was removed one day late but asks the Court to extend the time for removal under Federal Rule of Civil Procedure 6(b) because his late filing was the product of excusable neglect. However, Defendant has not cited any case law in which Rule 6(b) was utilized to extend the statutory requirements of § 1446(b). To the contrary, at least one Court in the Central District found that it did not have the authority to extend the removal period because Rule 6(b) does not apply to filing times prescribed by statute. *See Hurtado v. City of Ont*., 2012 U.S. Dist. LEXIS 76019, at *4 (C.D. Cal. May 31, 2012) ("the court cannot extend the time for filing removal because it simply does not have the authority to extend the removal period.") (internal citations omitted). It is true that the timeliness of removal is an issue that must be raised within thirty days of the removal, or it is waived by Plaintiff. That reality does not, however, provide the Court with discretion to extend the statutory period. Therefore, this action must be remanded.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED, and Defendant's Motion to Dismiss is MOOT and, thus, taken off calendar.

Dated: May 9, 2013.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE